# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTIN, an individual; and NICK MORGAN, an individual; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>LEGACY SUPPLY CHAIN SERVICES II, INC., an Indiana Corporation; PrimePath, LLC, a Florida Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:16-cv-02471-WQH-BLM<br><br>**<u>CLASS ACTION</u>**<br><br>**ORDER** |

HAYES, Judge:

    Plaintiffs Ricardo Martin and Nick Morgan ("Plaintiffs"), on behalf of themselves and the proposed Settlement Class, have filed an unopposed motion asking the Court to: (a) grant preliminary approval of the Stipulation and Agreement of Compromise and Class Settlement ("Settlement" or "Settlement Agreement") entered into by and between Plaintiffs and Defendants Legacy Supply Chain Services II, Inc. and PrimePath, LLC ("Defendants"); (b) requesting the Court set a deadline for Plaintiffs to file their Motion for Approval of Class Counsel's Attorneys' Fees and Costs, and Class Representative Enhancement Payments; and (c) requesting the Court set a final approval hearing to determine the fairness of the Settlement.

1

The Court has considered the Parties' Settlement Agreement, along with Plaintiffs' unopposed Motion for Preliminary Approval of the Settlement Agreement and the Memorandum of Points and Authorities, Declaration of Christopher A. Olsen, Declaration of Ricardo Martin, Declaration of Nick Morgan, and other documents filed in support thereof, and finds good cause for issuing an Order preliminarily approving the Parties' Settlement.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. The Court GRANTS the request for Preliminary Approval of the Class Action Settlement. All defined terms contained herein shall have the same meanings as set forth in the Settlement.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court GRANTS the Parties' request for certification of the following Rule 23 Settlement Class for the sole and limited purpose of implementing the terms of the Settlement Agreement, subject to this Court's final approval:

> All persons, or each of them, currently or formerly employed by Defendants, or Defendants' predecessors, in the State of California as hourly, non-exempt employees during the time frame of October 3, 2012 through the date the Court grants preliminary approval of this Settlement Agreement.

3. The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission by Defendants that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to the rights of Defendants to oppose certification of a class in this action should the proposed settlement not be granted final approval.

4. The Court appoints and designates: (a) Plaintiffs Ricardo Martin and Nick Morgan as the Class Representatives, and (b) the firm of Olsen Law Offices, APC as Class Counsel for the Class. Class Counsel is authorized to act on behalf of the Class with respect to all acts or consents required by, or which may be given, pursuant to the

Settlement, and such other acts necessary to finalize the Settlement Agreement and its terms. Any Settlement Class Member may opt out of the Settlement and enter an appearance through his or his own counsel at such Class Member's own expense. Any Settlement Class Member who does not opt out will be represented by Class Counsel.

5. The Court hereby approves the terms provided for in the Settlement, finding them to be fair, adequate, and reasonable and in the best interests of the Settlement Class Members.

6. The Court hereby preliminarily approves the Settlement and the Maximum Settlement Amount of $625,000.00, with the Net Settlement Amount being calculated by subtracting the following from the Maximum Settlement Amount: (1) Class Counsel's attorneys' fees (not to exceed 33.33% of the Maximum Settlement Amount or $206,250.00); (2) Class Counsel's Costs (not to exceed $10,000.00); (3) Class Representative Enhancement Payments to be paid to Representatives Ricardo Martin and Nick Morgan (not to exceed $5,000 per class representative); (4) $10,000.00 to be allocated to claimed PAGA penalties with 75% (or $7,500.00) to be paid to the California LWDA and with 25% (or $2,500.00) going into the Net Settlement Amount; and (5) the Claims Administration Costs to the Claims Administrator, Phoenix Settlement Administrators, Inc., not to exceed $20,000.00. The Net Settlement Amount remaining for paying Individual Settlement Payments to the Participating Class Members is anticipated to be approximately $371,250.00. The Court further preliminarily approves the formulas provided in the Settlement for calculating Individual Settlement Payments, and the Opt-Out Deadline of May 11, 2018. Additionally, Defendants' employer share of payroll taxes (e.g. UI, ETT, Social Security and Medicare taxes) on Individual Settlement Payments paid to the Participating Class Members will be deducted from the Net Settlement Amount.

7. The Court finds on a preliminary basis that the Settlement, including the Class Representative Enhancement Payment, Class Counsel Fees and Costs, the Claims Administration Costs and the proposed allocation of Individual Settlement Payments to

Participating Class Members, appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. It appears to the Court on a preliminary basis that the Settlement is fair, adequate and reasonable as to all potential Settlement Class Members when balanced against the probable outcome of further litigation relating to certification, liability and damages issues. It also appears that extensive investigation, research and Court proceedings have been conducted so that counsels for the Parties have been able to reasonably evaluate their respective positions. It appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of this Action. It also appears that settlement has been reached because of intensive, serious, and non-collusive arms-length negotiations, including a full-day mediation with a third-party neutral.

8. A final approval hearing shall be held before this Court on July 13, 2018 in Courtroom 14B of the United States District Court, Southern District of California, at 10:00 a.m. to determine all necessary matters concerning the Settlement, including whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement are fair, adequate and reasonable and should be finally approved by the Court and whether a Judgment should be entered herein. At that time, a hearing on Class Counsel's Motion for Attorneys' Fees and Costs and the Class Representative's Enhancement Payment shall also be held.

9. The Court hereby approves, as to form and content, the Notice of Class Action Settlement ("Notice Packet") to be sent to Settlement Class Members, which is attached as Exhibits A to the Settlement Agreement. The Court finds that distribution of the Notice Packets to the Settlement Class Members substantially in the manner and form set forth in the Settlement is the best notice practicable under the circumstances and meets the requirements of due process, and shall constitute due and sufficient notice to all parties entitled thereto. The documents to be sent to all Settlement Class Members in the Notice Packet are deemed sufficient to inform Settlement Class Members of the terms of the

Settlement, their rights under the Settlement, their rights to object to or comment on the settlement, their right to receive an Individual Settlement Payment without having to take any action, their right to exclude themselves and not participate in the Settlement, and the processes for doing so, and the date and location of the Final Approval Hearing, and the Notice Packet documents are therefore approved.

10. The Court appoints and designates Phoenix Settlement Administrators as the third-party Claims Administrator. The Court hereby directs the Claims Administrator to provide the approved Notice Packet documents to Settlement Class Members and administer the Settlement in accordance with the procedures set forth in the Settlement herein, including in conformance with the schedule set forth below.

11. Any Settlement Class Member may choose to opt out of and be excluded from the Settlement as provided in the Settlement and Notice of Class Action Settlement and by following the instructions for requesting exclusion. Any person who timely and properly excludes themselves from the Settlement will not be bound by it or have any right to object, appeal or comment thereon. Any Request for Exclusion must be signed by each such Settlement Class Member and comply with the requirements for exclusion set forth in the Settlement. Settlement Class Members who have not timely submitted a Requested for Exclusion shall be bound by all determinations of the Court, the Settlement and the Judgment. If both an opt-out and an objection are received from the same Settlement Class Member, the Class Member will be deemed to have opted out.

12. Pursuant to Federal Rule of Civil Procedure 23(e) (5), members of the Settlement Class may object to the terms of the settlement. Settlement Class Members who object to the proposed Settlement may appear and present such objections at the Final Approval Hearing in person or by counsel, provided that any objecting Settlement Class Member submit a written statement containing the basis of that person's objections, together with a notice of the intention to appear, if appropriate, which must be sent to the Claims Administrator and postmarked no later than forty-five (45) calendar days from the date on which the Notices are first sent out by the Claims Administrator. No person shall be

heard at the Final Approval Hearing, and no briefs or papers shall be received or considered, unless the foregoing documents have been filed and served as provided in this Order, except as this Court may permit for good cause shown.

13. The motion for final approval of the Settlement and Awarding Administration Costs shall be filed by May 25, 2018. Class Counsel shall also file by May 25, 2018 the Final Approval Hearing its Motion for Attorneys' Fees and Costs and Class Representative Enhancement Payment, to be heard concurrently with the Final Approval Hearing.

14. Upon Final Approval and completion of the Claims Administration process, all Class Members who have not submitted timely Requests for Exclusion and the Class Representatives will be deemed to have forever released and discharged the Released Claims applicable to them and waived their rights under California Civil Code § 1542 for the applicable Released Claims, as set forth and defined in the preliminarily approved Settlement Agreement.

15. The Court reserves the right to change or otherwise continue or advance the date of the Final Approval Hearing and all dates provided for in the Settlement without further notice to the Class, and retains jurisdiction to consider further applications concerning the Stipulation.

16. The Court orders the following schedule of dates and administration milestones for the specified actions and further proceedings in this matter as agreed under the terms of the Settlement:

| Event | Date |
|---|---|
| Last day for Defendants to provide Claims Administrator the Class List | March 9, 2018 |
| Notice-last day for Claims Administrator to mail the Notice Packet to Class Members | March 23, 2018 |

| Last day for Settlement Class to submit a timely signed Request for Exclusion | May 11, 2018 |
|---|---|
| Last day for Settlement Class to timely submit Objections | May 11, 2018 |
| Last day to file Motion for Approval of Class Counsel's Attorneys' Fees and Costs, and Class Representative Enhancement Payment | April 27, 2018 |
| Last day to file Motion for Final Approval of Class Action Settlement | May 25, 2018 |
| Final Approval Hearing | July 13, 2018 at 10:00 a.m. |

**IT IS SO ORDERED.**
Dated: February 12, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court

7